UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM JOSEPH VIDAK,<br><br>                    Petitioner,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                    Respondent. | Case No. 1:14-cv-00426-CWD<br><br>**MEMORANDUM DECISION AND ORDER RE: MOTION REQUESTING REMAND (DKT. 26); AND**<br><br>**MOTION TO AUGMENT THE RECORD (DKT. 17)** |

## INTRODUCTION

Pending before the Court are two motions: Respondent Commissioner of Social Security's Motion Requesting Remand (Dkt. 26); [1] and Petitioner William Joseph Vidak's Motion to Augment the Record (Dkt. 17). Upon review of the parties' memoranda, the administrative record, and relevant authorities, the Court finds, for the reasons that follow, the ALJ erred. The Court will remand Petitioner's claim for disability benefits to the agency for further administrative proceedings and will deny as moot Petitioner's motion to augment the record.

---

[1] The caption of the document actually states "Respondent's Brief Requesting Remand." (Dkt. 26.) It appears Respondent intended the brief to be its memorandum in response to the Petition for Review. (Dkt. 1.) However, because the brief raises its own argument for remand, which required a response (and Petitioner filed a response), the Court finds the brief is properly characterized as its own motion and will consider it as such.

**MEMORANDUM DECISION AND ORDER - 1**

## PROCEDURAL HISTORY

This is Petitioner's second appeal to the District Court with regard to the Social Security Commission's denial of benefits.[2] Petitioner filed his initial application for Disability and Disability Insurance Benefits on November 20, 2007, claiming disability beginning May 30, 2006, due to low back pain, neck pain, myofascial pain syndrome, and bilateral carpal tunnel syndrome. The application was denied initially and on reconsideration. A hearing was conducted on January 22, 2010, before Administrative Law Judge (ALJ) Thomas Gaye, in San Francisco, California. After hearing testimony from Petitioner and a vocational expert, ALJ Gaye issued a decision February 18, 2010, finding Petitioner not disabled and issued a denial of Petitioner's claim for benefits. Petitioner timely requested review by the Appeals Council, which denied his request for review on May 6, 2012, making the ALJ's decision the final determination of the Commissioner of Social Security.

Petitioner timely appealed the decision to the United States District Court for the Northern District of California pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The court found ALJ Gaye insufficiently stated his reasons for finding the Petitioner not credible and remanded the case back to the agency for further findings. *See Vidak v. Astrue*, 2011 WL 1302909, at *4 (N.D. Cal. Apr. 5, 2011). On May 20, 2011, the Appeals Council remanded the case for a further hearing before an ALJ.[3]

---

[2] Petitioner was represented by counsel during both administrative proceedings, and on his first appeal, but now appears pro se.

[3] On May 17, 2010, Petitioner filed a second claim for Title II benefits. The Appeals Council consolidated Petitioner's two claims.

**MEMORANDUM DECISION AND ORDER - 2**

Sometime after Petitioner filed his initial claim for benefits, he and his family moved to Boise, Idaho. A second hearing was held on January 13, 2012, in Boise before ALJ John Molleur. An impartial vocational expert appeared, along with Petitioner, at the hearing. On February 28, 2012, ALJ Molleur found Petitioner was not disabled and issued a denial of his claim for benefits. Petitioner timely requested review by the Appeals Council, which denied his request on May 14, 2013. Petitioner appealed ALJ Molleur's decision to this Court on October 2, 2014. The Court has jurisdiction to review ALJ Molleur's decision pursuant to 42 U.S.C. § 405(g).

At the time of the January 2012 hearing, Petitioner was 47 years of age. Petitioner did not complete high school, but did attend Computer Training Academy, a trade school, for about one year. Petitioner's prior work experience includes experience as a technical support specialist.

## SEQUENTIAL PROCESS

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. Petitioner bears the burden of proof at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001). At step one, it must be determined whether the claimant is engaged in substantial gainful activity. The ALJ found Petitioner had not engaged in substantial gainful activity since the alleged onset date of May 20, 2006, through the date last insured of December 31, 2011. At step two, it must be determined whether the claimant suffers from a severe impairment. The ALJ found Petitioner's degenerative disk disease, neck pain, bilateral degenerative arthritis of his hips, chronic pain syndrome, bilateral

**MEMORANDUM DECISION AND ORDER - 3**

carpal tunnel syndrome, sleep apnea, obesity, depressive disorder, and anxiety disorder severe within the meaning of the Regulations.

Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found Petitioner's impairments did not meet or equal the criteria for the listed impairments, specifically considering listings: 1.02 (dysfunctions of joints); 1.04 (disorders of the spine); 12.04 (mental affective disorders); and, 12.06 (mental somatoform disorders). *See* 20 C.F.R. pt. 404, subpt. P, App. 1. If a claimant's impairments do not meet or equal a listing, the Commissioner must assess the claimant's residual functional capacity (RFC) and determine, at step four, whether the claimant has demonstrated an inability to perform past relevant work.

The ALJ found Petitioner was not able to perform his past relevant work as a data communications technician and as a user support technician. If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate, at step five, that the claimant retains the capacity to make an adjustment to other work that exists in significant levels in the national economy, after considering the claimant's RFC, age, education, and work experience. The ALJ found Petitioner retained the RFC to perform sedentary work, and could perform unskilled jobs such as a document preparer, hand mounter, and a cutter/paster. Consequently, the ALJ found petitioner not disabled within the meaning of the Regulations.

## MOTION FOR REMAND (DKT. 26)

Respondent contends the ALJ erred in his evaluation of certain opinions of Petitioner's treating and consulting physicians and argues remand is necessary for further

**MEMORANDUM DECISION AND ORDER - 4**

findings, including a reassessment at steps four and five of the sequential process. Petitioner makes no argument opposing the ALJ's error on these grounds, but, instead contends the ALJ erred by not providing clear and convincing reasons for finding Petitioner not credible regarding his subjective reports of pain, and argues further that remand for an immediate award of benefits is warranted.

The Court first will consider the parties' arguments regarding whether the ALJ erred and next will address which type of remand is appropriate.

## 1. The ALJ erred in evaluating the opinions of Dr. Mochizuki and Dr. Bates

### A. Medical Opinions

#### i. Relevant Portions of Dr. Mochizuki's Medical Opinion

Dr. Mochizuki was Petitioner's treating orthopedic surgeon in California before Petitioner moved to Boise, Idaho. With regard to Petitioner's permanent restrictions, Dr. Mochizuki noted that Petitioner should be restricted from heavy lifting in excess of twenty-five pounds, repetitive bending and stooping, walking for more than fifty-five minutes per hour, sitting for more than thirty minutes per hour, and standing for more than thirty minutes per hour. (AR. 195.)

#### ii. Relevant Portions of Dr. Bates's Medical Opinion

Dr. Bates examined Petitioner at the request of the Commissioner. With regard to Petitioner's work related restrictions, Dr. Bates noted Petitioner requires "frequent changes of position, sit, stand, stand/walking combination generally between [thirty] minutes at a time," and opined that Petitioner can only lift "at a light level." (AR. 863.) He noted further that Petitioner has a "mild impairment in his ability to manipulate small

**MEMORANDUM DECISION AND ORDER - 5**

objects" with either of his hands, but, Petitioner "has no physical limitations of hearing or speaking." *Id.*

### B. ALJ's Evaluation of Dr. Mochizuki's and Dr. Bates's Medical Opinions

The ALJ found the following with regard to Dr. Mochizuki's and Dr. Bates's medical opinions:

> The under[signed] gives *some weight* to the opinions of treating physician Chris Mochizuki, M.D., who opined that the claimant should be restricted from heavy lifting (over 25 pounds), repetitive bending and stooping, walking for more than 55 minutes per hour, sitting more than 30 minutes per hour, and standing for more than 30 minutes per hour. (Exhibit 1F). *To the extent that he opines that the claimant cannot perform sedentary level work with a five minute break for every thirty minutes of sitting, his opinions are given little weight as they are inconsistent with the overall physical exam findings, including the findings of the consultative examiner [Dr. Bates].* However, the rest of his opinion is generally supported by the medical evidence and is given significant weight.
>
> ....
>
> The undersigned also gives *some weight* to the opinions of Dr. Bates, who opined that the claimant would need frequent changes of positions, generally thirty minutes at a time, lifting at a light level, and mild impairment in the ability to manipulate small objects with either hand. (Exhibit 19F). *To the extent that he opines that the claimant would need more frequent changes of position than a five-minute break for every thirty minutes he sits, Dr. Bates' opinion is given little weight based on many of the physical exam findings in the file, including his own, as well as the claimant's ability to mow the lawn and attend an air show.*

(AR. 460) (emphasis added.)

### C. Analysis

Respondent argues the ALJ erred in concluding that Dr. Mochizuki's opinion about Petitioner's physical restrictions contradicted Dr. Bates's opinion about Petitioner's work related restrictions, because the opinions do not actually appear to be contradictory.

**MEMORANDUM DECISION AND ORDER - 6**

Petitioner does not address whether the ALJ erred in his evaluations of these opinions of Dr. Mochizuki or Dr. Bates.

"In disability benefits cases ... physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability—the claimant's ability to perform work." *Reddick v. Chater,* 157 F.3d 715, 725 (9th Cir. 1998). "In conjunction with the relevant regulations, we have ... developed standards that guide our analysis of an ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008). Specifically, we "distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1995). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Id.* (internal citations omitted).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Ryan,* 528 F.3d at 1198. (citation omitted) "This is so because, even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight ... even if it does not meet the test for controlling weight.'" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (citing *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007)). To satisfy the "substantial evidence" requirement, the ALJ must set out "a detailed and thorough

**MEMORANDUM DECISION AND ORDER - 7**

summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and [make] findings." *Reddick,* 157 F.3d at 725. "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.*

Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs. *Garrison*, 759 F.3d 995 at 1012. Put another way, "an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id.* at 1012-13.

The Court finds upon careful review of the Administrative Record, specifically the opinions of Dr. Mochizuki and Dr. Bates, that the ALJ erred by not providing specific and legitimate reasons for giving only "some weight" to Dr. Mochizuki's opinion regarding Petitioner's physical restrictions related to his ability to sit and stand. Generally stating that Dr. Mochizuki's opinion is "inconsistent" with Dr. Bates's opinion as a consultative physician, and the record as a whole, does not satisfy the specific and legitimate requirement necessary to reject or give less weight to a treating physician's opinion.[4] *See Garrison*, 759 F.3d at 1202. Further, the ALJ failed to provide substantial evidence to support his opinion that the "overall physical exam findings" are inconsistent

---

[4] Despite the fact that an inconsistency is not a specific and legitimate reason for rejecting the opinions of a treating physician, the Court fails to find here how the two medical opinions of Petitioners' physical restrictions provided by Dr. Mochizuki and Dr. Bates contradict each other.

**MEMORANDUM DECISION AND ORDER - 8**

with Dr. Mochizuki's opinion, or that Dr. Bates's findings are inconsistent with Dr. Mochizuki's findings. For these reasons, the Court finds the ALJ erred.

**2. The ALJ provided clear and convincing reasons for finding Petitioner not credible**

The ALJ is responsible for determining credibility. *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir. 1998). The ALJ's findings must be supported by specific, cogent reasons. *Id.* If a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints of pain based solely on lack of medical evidence. *Burch v. Barnhart,* 400 F.3d 676, 680 (9th Cir. 2005); *see also Light v. Soc. Sec. Admin.,* 119 F.3d 789, 792 (9th Cir. 1997). Unless there is affirmative evidence showing that the claimant is malingering, the ALJ must provide clear and convincing reasons for rejecting pain testimony. *Burch,* 400 F.3d at 680. General findings are insufficient; the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Reddick,* 157 F.3d at 722.

The reasons an ALJ gives for rejecting a claimant's testimony must be supported by substantial evidence in the record. *Regennitter v. Comm'r of Soc. Sec. Admin.,* 166 F.3d 1294, 1296 (9th Cir. 1999). If there is substantial evidence in the record to support the ALJ's credibility finding, the Court will not engage in second-guessing. *Thomas v. Barnhart,* 278 F.3d 947, 959 (9th Cir. 2002). When the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999).

**MEMORANDUM DECISION AND ORDER - 9**

When evaluating credibility, the ALJ may engage in ordinary techniques of credibility evaluation, including considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony, or between claimant's testimony and conduct, claimant's daily activities, claimant's work record, and testimony from physicians and third parties concerning the nature, severity and effect of the symptoms of which claimant complains. *Thomas,* 278 F.3d at 958–59. Also, the ALJ may consider the location, duration and frequency of symptoms; factors that precipitate and aggravate those symptoms; the amount and side effects of medications; and, treatment measures taken by the claimant to alleviate those symptoms. *Overstreet v. Colvin*, 2014 WL 4702252, at *3 (D. Idaho Sept. 22, 2014).

Petitioner contends the ALJ cherry picked evidence from the record, while ignoring other evidence, to discredit Petitioner's subjective reports of pain and to support the ALJ's finding that Petitioner's need to constantly change positions was overstated. The ALJ's conclusion is inappropriate and inadequate only if the ALJ does not also provide sufficient reasons supporting a finding that a claimant is not wholly credible. *Medeiros v. Astrue,* 2012 WL 6929275 at *8 (Dec. 27, 2012).

The ALJ provided extensive analysis and support for his conclusion that Petitioner lacked credibility about the limiting effects of his pain symptoms, citing: Petitioner's treatment records which indicated that the prescription for Petitioner's walker was based, for the most part, upon Petitioner's own self report of pain; Petitioner's tendencies to take lower dosages of, or at times to completely forgo, pain medication he was prescribed; Petitioner's rejection of a referral to a pain psychologist; and, Petitioner's reports of

**MEMORANDUM DECISION AND ORDER - 10**

partaking in activities such as attending an air show and mowing his lawn. Because of his subjective complaints of pain, the ALJ limited Petitioner to the exertional demands of sedentary work. The ALJ's determination is supported by substantial evidence in the record, as more fully explained below.

First, while it is true Petitioner's treating Idaho physician, Dr. Rebekah Guy, prescribed Petitioner a walker in November of 2011, the ALJ noted that, during the same visit, Dr. Guy opined Petitioner was doing much better than during his previous visit, and noted no clinical objective evidence that would support a prescription for the walker. (AR 460.) Rather, the ALJ noted it appeared Dr. Guy's decision to prescribe a walker to Petitioner was based primarily on Petitioner's subjective complaints.[5] *Id.* The ALJ noted also that Dr. Guy's and Petitioner's other medical providers had not indicated in their reports that Petitioner is unable to sustain full-time work. *Id.* And, the ALJ noted Petitioner testified that, at least until recently, he was able to "walk around the block without the use of an assistive device." (AR. 459.)

Next, Petitioner argues the ALJ ignored the references in the record as to why Petitioner was not taking his pain medication as prescribed; he contends he cannot tolerate pain medications as they upset his stomach and tend to make him drowsy. Petitioner also disagrees with the ALJ's reliance on Petitioner's decision not to seek treatment from a pain psychologist, despite a recommendation from one of Petitioner's

---

[5] During this examination, Petitioner had already been using a walker, though it is unclear in the record whether he was prescribed the walker, or whether Petitioner acquired it through other means. (AR 721.) Petitioner reported that he felt like he needed a taller walker because the one he was using made him hunch over. *Id.* Dr. Guy indicated she prescribed Petitioner a walker "so that he can get one that is taller that will support him in a more upright position." *Id.*

**MEMORANDUM DECISION AND ORDER - 11**

providers to do so. Though the ALJ does not state that he considered Petitioner's reasons for not taking the pain medication, the ALJ does cite to other specific examples in the medical record which cast doubt on the sincerity of Petitioner's pain testimony. *See Alsobrooks v. Chater*, 92 F.3d 1191 (9th Cir. 1996) (finding an "inadequately explained failure to seek treatment or follow a prescribed course of treatment" sufficient evidence to discredit a claimant's pain testimony). For instance, the ALJ noted Petitioner recently had told his current treating physician, Dr. Guy, that he was taking minimal pain medications, including fewer than one Percocet per day. (AR 458.) And, the ALJ noted that, more recently, Dr. Brosa had opined Petitioner was not in apparent distress and that Zanaflex helped with Petitioner's muscle spasms. (AR 458-459.)

Finally, Petitioner challenges the examples the ALJ gave of Petitioner's ability to engage in certain activities, such as attending an air show and mowing his lawn. With regard to the airshow, Petitioner argues that, "even people who are in wheelchairs and disabled attend airshows and other functions," and claims it is unfair to be discredited by this single isolated occasion. (Dkt. 29 at 10.) With regard to mowing the lawn, Petitioner contends this, too, was an isolated occasion and he had to heavily medicate himself to complete the chore. *Id.* While Petitioner attempts to explain these examples, he did not dispute he participated in these activities.[6] Further, the ALJ did not discredit Petitioner solely based on his participation in the activities; rather, the ALJ's credibility determination was supported by additional evidence in the record, as explained above.

---

[6] Also, Petitioner did not take the opportunity to offer the explanation he now provides in his brief of how he was able to participate in these activities during his testimony before the ALJ.

**MEMORANDUM DECISION AND ORDER - 12**

The ALJ's articulated reasons for his adverse credibility determination are clear and convincing, and supported by substantial evidence in the record. Although the evidence might support Petitioner's interpretation, this Court must not substitute its judgment for that of the ALJ when the evidence reasonably supports the ALJ's determination, as it does here. Accordingly, the ALJ did not err by finding Petitioner not credible.

### 3. Remand for Further Administrative Review is Appropriate

Petitioner requests the Court to exercise its authority to remand for an immediate award of benefits rather than to remand for further findings regarding the opinions of Dr. Mochizuki and Dr. Bates. Petitioner contends that, while remand for further proceedings may be appropriate in other cases, further proceedings here would be unfair considering he applied for disability benefits in 2007, and his case already has been though the administrative process twice. Respondent, on the other hand, argues further administrative proceedings are necessary to evaluate the medical opinions in the record, to reformulate Petitioner's residual functional capacity, and potentially to obtain further vocational expert testimony.

When reviewing the determination of the Commissioner of Social Security, the Court has the authority to reverse and award benefits to the claimant, or alternatively, has the power to remand the matter for a new administrative hearing. 42 U.S.C. § 405(g). Remand for an immediate award of benefits is appropriate "where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). When an ALJ has

**MEMORANDUM DECISION AND ORDER - 13**

erroneously rejected evidence, the Court should credit that evidence and direct the Commissioner to award benefits where: "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Id.* Otherwise, the Court should remand for further proceedings.

The first element is met here. The ALJ gave legally insufficient reasons for giving only some weight, or little weight, to the opinions of Petitioner's treating physician, Dr. Mochizuki. The second and third elements are not met, however. There is no evidence in the record that the thirty minute sitting and standing limitations in either Dr. Mochizuki's or Dr. Bates's medical opinion suggests Petitioner is disabled. As the ALJ observed, neither physician opined that Petitioner is unable to sustain full time work. (AR 460.) Further, the vocational expert's testimony did not support a conclusion that the sitting and standing limitations as opined by Dr. Mochizuki would prevent Petitioner from working. (AR 506-511.) The record therefore would not conclusively establish that Petitioner is entitled to benefits, even if the ALJ fully credited Dr. Mochizuki's opinions. Accordingly, the Court finds remand for further administrative proceedings, rather than for an award of immediate benefits, is appropriate here.

The Court does appreciate Petitioner's frustration with regard to how long he has engaged in the process to qualify for and obtain disability benefits. With this consideration in mind, the Court will direct that the agency complete the remand ordered here and decide this matter within six months. *See Franklin v. Astrue*, 2009 WL 3085545,

**MEMORANDUM DECISION AND ORDER - 14**

at *4 (D. Utah Sept. 22, 2009) (remanded to the agency with instructions for an ALJ to hear and decide the matter within four months of the court's order); *see also Taylor v. Astrue*, 2008 WL 2437770, at *6 (E.D.N.Y. June 17, 2008) ( remand of case "for further administrative proceedings by a new ALJ, to be carried out expeditiously."); *Scott v. Barnhart*, 592 F. Supp. 2d 360, 372 (W.D.N.Y. 2009) ("Given the unreasonably lengthy pendency of this matter and the unusual breadth and repetition of the proceedings that have already taken place, the Commissioner is instructed to complete all proceedings and issue a final determination on an expedited basis, within ninety (90) days of the date of this order.").

### MOTION TO AUGMENT THE RECORD (DKT. 17)

Petitioner requests this Court to augment the administrative record to include two additional medical records: (1) "Industrial Work Status" record of Dr. Mochizuki dated August 25, 2006 (Dkt. 17-2 at 1); and (2) "Neuropsychological Consultation" record of Dr. Ward. (Dkt. 17-2 at 2-6.) Respondent contends augmentation of the record is unnecessary because the first document currently exists in the record, and also, because Petitioner has not demonstrated good cause for the incorporation of the second record. Because the Court concludes this matter must be remanded to the agency for further proceedings consistent with this decision, Petitioner's motion to augment the record will be denied as moot. Petitioner may ask the Commissioner to accept the additional records in connection with further proceedings.

**MEMORANDUM DECISION AND ORDER - 15**

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Respondent's motion requesting remand (Dkt. 26) is **GRANTED;**

2) Petitioner's Motion to Augment the Record (Dkt. 17) is **DENIED as MOOT**; and

3) Respondent is instructed to complete remand and issue a final determination within six (6) months of the date of this order.

Dated: **March 09, 2016**

Honorable Candy W. Dale
United States Magistrate Judge